**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ZACHARIAH C. MANNING,** ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** _____ |
| ) | Jury Trial Demanded |
| **OCWEN LOAN SERVICING, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## ORIGINAL COMPLAINT

**NOW COME,** Plaintiff, Zachariah C. Manning, by counsel and pursuant to the Federal Rules of Civil Procedure, files this Original Complaint and asserts the following:

1. This action for damages is brought by an individual plaintiff in response to Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. The Telephone Consumer Protection Act ("TCPA") was designed to prevent calls like the ones described within this Complaint, and to protect the privacy of citizens like the plaintiff. "Voluminous consumer complaints about abuses of telephone technology––for example, computerized calls dispatched to private homes––prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress

Page 1 of 11

found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." TCPA, Pub.L. No. 102–243, at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. Zachariah C. Manning ("Manning" or "Plaintiff"), through his attorneys, brings this action to challenge the actions of Ocwen Loan Servicing, LLC (hereinafter "Ocwen" or "Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

6. The statute of limitations is tolled due to the commencement of a class action based on same or similar allegations in the matter of *Keith Snyder, on behalf of himself and all others similarly situated v. Ocwen Loan Servicing, LLC,* Case No. 1:14-cv-8461, filed against Defendant on October 27, 2014 in the Northern District of Illinois. *See America Pipe & Construction Co v. State of Utah*, 414 U.S. 538 (1974); *Aguilar v. Ocwen Loan Servicing, LLC*, No. 3:17-CV-1165-B, 2018 WL 949225 (N.D. Tex. Feb. 20, 2018).

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. Unless otherwise stated, all the conduct engaged in by Defendant took place in Texas.

10. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b).

12. This action arises out of Defendant's violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

13. Because Defendant does business within the Northern District of Texas, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391 as Defendant maintains a corporate office in the Northern District of Texas.

15. Defendant is subject to the Court's personal jurisdiction.

## PARTIES

16. Plaintiff, Manning is a natural person who resides in the City of Dallas, State of Texas.

17. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Defendant has its principal place of business in the City of West Palm Beach, in the State of Florida.

19. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

20. Beginning in 2010, Defendant called Plaintiff on Plaintiff's cellular telephone number ending in 8887 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

21. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. This ATDS is also a predictive dialer.

23. When Plaintiff would answer the calls from Defendant, there would often be a silence, sometimes with a click or beep-tone, before an Ocwen Representative would pick up and start speaking.

24. Sometimes, Plaintiff would receive calls from Defendant in which the caller was a recorded voice or message, rather than a live representative.

25. In total, Plaintiff has received at least hundreds of calls from Defendant on Plaintiff's cellular telephone.

26. Plaintiff immediately when he started receiving calls and then repeatedly thereafter revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiff no longer wished to be contacted by telephone.

27. Plaintiff answered several of the above mentioned telephone calls from Defendant and asked Defendant to stop calling.

28. Despite this clear and unmistakable request, the calls continued without interruption.

29. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

30. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.

31. The calls by Defendant to Plaintiff's cell phone continued, even after Plaintiff's oral revocation.

32. As a result, the telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

33. The calls impacted Plaintiff personally, distressing him, since Defendant never refrained from the harassing collection calls using an ATDS despite Plaintiff's requests.

34. The unrelenting, repetitive calls disrupted and interfered with Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

35. The calls placed by Defendant to Plaintiff were extremely intrusive, including with Plaintiff's relationships with close family members.

36. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendant's unwanted and intrusive calls.

37. In doing so, Plaintiff missed important communications from friends and family.

## *Damages*

38. Defendant caused an invasion of Plaintiff's privacy by calling his cellular phone hundreds of times in an attempt to collect a debt.

39. Defendant caused Plaintiff emotional distress and embarrassment by calling him repeatedly and continuously.

40. Defendant consumed and wasted Plaintiff's cell phone battery life.

41. Defendant wasted hours of Plaintiff's time by calling Plaintiff when Defendant had no right to call Plaintiff.

42. Defendant caused the Plaintiff to suffer the frustration and annoyance the TCPA was enacted to prevent. *See, e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

## **STANDING**

43. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendant;

      c.     and is likely to be redressed by a favorable judicial decision

*See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)

44.    In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### *The "Injury in Fact" Prong*

45.    Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo* (*Id.*).

46.    For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Plaintiff was called on their cellular phone by Defendant. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). All three of these injuries are concrete and *de facto*.

47.    For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls. It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS. Finally, Plaintiff alone is responsible to pay the bill on their cellular phone. All of these injuries are particularized and specific to Plaintiff.

### *The "Traceable to the Conduct of Defendant" Prong*

48.    The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that his injury is traceable to the conduct of Defendant.

49. In the instant case, this prong is met simply by the fact that the calls to Plaintiff's cellular phone were placed either, by Defendant directly, or by Defendant's agent at the direction of Defendant.

### *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

50. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

51. In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

52. Furthermore, Plaintiff's Prayer for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

53. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)*,* Plaintiff has standing to sue Defendant on the stated claims.

**CAUSES OF ACTION**

**<u>COUNT I</u>**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**(TCPA) 47 U.S.C. 227**

54. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

55. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 *et. seq*.

56. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. 227

58. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

60. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3) (B) and 47 U.S.C. § 227(b)(3)(C).

61. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA 47 U.S.C. §§ 227 *ET SEQ.*

- Statutory damages of $500 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Injunctive relief prohibiting such conduct in the future;

- Any and all other relief that the Court deems just and proper.

### COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA 47 U.S.C. §§ 227 *ET SEQ.*

- Statutory damages of $1,500, for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

- Injunctive relief prohibiting such conduct in the future;

- Any and all other relief that the Court deems just and proper.

### JURY DEMAND

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted,

Date: May 14, 2018  By: /s/ Anthony Chester

Anthony P. Chester
State Bar No. 24092253
Ramona V. Ladwig
State Bar No. 24092659
**HYDE & SWIGART**
1910 Pacific Ave., Suite 14155
Dallas, TX 75201
Telephone: (952) 225-5333
Facsimile: (800) 635-6425
Email: tony@westcoastlitigation.com

and

Abbas Kazerounian, Esq.
State Bar No. 24090982
**KAZEROUNI LAW GROUP, APC**
245 Fischer Ave, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808 Ext. 2
Facsimile: (800) 520-5523
Email: ak@kazlg.com

and

E. Lynette Stone
State Bar No. 24057683
**THE STONE LAW OFFICE**
2101 Cedar Springs Road, Ste. 1050
Dallas, Texas 75201
Phone:  (972) 383-9499
Facsimile:  (972) 525-0063
Email:  els@thestonelawoffice.com.com

*Attorneys for Zachariah C. Manning*